USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v.-

JAROD OTTLEY,

Defendant.

23 Cr. 0201 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On February 13, 2025, Defendant moved for authorization to reappoint Lorraine Gauli-Rufo as counsel, pursuant to the Criminal Justice Act, for the purpose of seeking early termination of probation. *See* ECF No. 50. On February 19, 2025, the Court directed Defendant to "submit an updated CJA 23 form that demonstrates his continued entitlement to the appointment of counsel." ECF No. 51. On February 20, 2025, Defendant submitted *ex parte* an updated CJA 23 form.

"'CJA funds are a necessarily limited resource' and courts must be 'cognizant of the public's strong interest in how its funds are being spent in the administration of criminal justice.'" *United States v. Hadden*, No. 20 Cr. 468 (RMB), 2020 WL 7640672, at *3 (S.D.N.Y. Dec. 23, 2020) (quoting *United States v. Parker*, 439 F.3d 81, 91 (2d Cir. 2006)). "[B]efore appointing counsel, a judge must first conduct 'an appropriate inquiry into the defendant's financial eligibility.'" *United States v. Barton*, 712 F.3d 111, 117 (2d Cir. 2013) (quoting *Parker*, 439 F.3d at 93). "[T]he defendant seeking appointment of counsel must prove by a preponderance of the evidence that he is financially unable to afford counsel." *Hadden*, 2020 WL 7640672, at *3 (quoting *United States v. Hilsen*, 03 Cr. 919 (RWS), 2004 WL 2284388, at *3 (S.D.N.Y. Oct. 12, 2004)). "The Court has considerable discretion in inquiring into the defendant's finances in determining eligibility for appointed counsel." *Id.* (quoting *Parker*, 439 F.3d at 95).

Defendant's February 20, 2025 submission suggests that he has significant financial resources and income. By **March 4, 2025**, Defendant may submit any supplemental information to "prove by a preponderance of the evidence that he is financially unable to afford counsel." *Id.*

In addition, by **February 28, 2025**, Defendant must file his February 20, 2025 *ex parte* submission on the docket or move for leave to submit the form under seal and *ex parte*. *See United States v. Avenatti*, 550 F. Supp. 3d 36, 40 (S.D.N.Y. 2021) (holding that Defendant's "Financial Affidavits are indeed judicial documents subject to the common law and First Amendment rights of public access" that "must be unsealed (subject to the possibility of narrowly tailored redactions to serve other interests)"); *Hadden*, 2020 WL 7640672, at *7 (denying motion to seal Defendant's financial statements because "defense counsel [] failed to satisfy its burden of overcoming the strong presumption in favor of public access." (internal quotation marks omitted)).

SO ORDERED.

Dated: February 25, 2025
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge